AMY, PLAINTIFF AND APPELLANT, v. HEIRS OF VERGES, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Revendication.

No. 3042.—Decided June 16, 1924.

REVENDICATION—PROPERTY OF MINORS—CONTRACT—CONSIDERATION—PRESCRIPTION.—It being alleged in the complaint in an action of revendication that the sale made with authorization of court by the father of the plaintiffs to the ancestor of the defendants of a property belonging to the former's minor children was simulated, without a consideration moving to the minors and for the sole purpose of securing a debt that the vendor owed to the vendee, it follows that the nullity of a contract is pleaded and in that case the defense of ordinary prescription can not be sustained.

The facts are stated in the opinion.

*Mr. J. Texidor* for the appellant.

*Messrs. T. Bernardini* and *M. A. Martínez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

As the appeal in this case is taken from a judgment entered after sustaining a demurrer to the complaint, we shall sum up the essential facts of the latter. The complainants are the adult heirs of Enrique Amy Pareño, but they seek to revendicate certain described property which they inherited from their mother. The defendants are in possession of said property as heirs of Eugenio Marcelino Verges. In 1886 Amy owed Verges $6,000 and in apparent payment of that debt by public deed Amy conveyed to Verges a piece of property known as Aguamanil. This is not the property the object of this suit. The alleged conveyance of Aguamanil, although purporting to be a sale, was merely the security for the debt of $6,000 as is evidenced by a private writing copied into the complaint wherein Verges not only acknowledges that he holds the property as security for the debt, but also instructs his executors to convey it to the wife of Amy upon payment of the amount then owing from Amy to Verges. The foregoing recital that we have made with regard to Aguamanil is not important in its details for the disposition of the case, but is part of the antecedents. It would suffice to say that Amy conveyed a piece of land absolute in form to Verges, but in reality as a security of debt, and then substituted, or sought to substitute, the said land by another piece of property.

Aguamanil was reconveyed to Amy and the latter made the substituted conveyance absolute in form, but likewise in security, which is the object of these proceedings. On the 12th of March, 1895, by public deed Amy appeared to be selling to Verges the property now claimed by complainants. The property at that date unquestionably belonged to complainants by inheritance from their mother, a fact well known to the ancestor of defendants, as recited in the complaint. In accordance then with his previous agreement with Verges, Amy, as father of complainants, went before a competent court praying for reasons of utility and necessity

judicial authority to sell said property. His petition was founded on facts other than those of his debt to Verges. Again, as copied into the complaint, a private agreement was made wherein Amy and Verges agreed that the conveyance was not a sale but a mere security for a debt.

The complaint then goes on to recite the consolidation of the property, the continued enjoyment thereof by the defendants, that the complainants never ratified or consented to the sale or transfer of said property and that they never received any part of the price for the sale of the property.

No consideration for the alleged conveyance of March 12th, 1895, flowed from the ancestor of the defendants to the owners of the property, minors at the time. The extinguishment or security of the debt owing by Amy to Verges was not a consideration flowing to the complainants. Color of consideration there could only be by reason of the express recital of the said deed wherein a consideration is recited, but the defendants themselves disclaim any intention of relying on this false recital. They base one of their principal arguments on section 1243 of the Civil Code that the recital of a false consideration should not annul a contract if it is founded on a licit one. In other words, the defendants in effect maintain that the extinguishment or security of the debt owing from Amy to Verges was the true consideration.

Citations are made from various authorities and notably from *Amy* v. *Amy,* 15 P.R.R. 387. In that case, however, there was merely a false recital. The property belonged to the person conveying it and the consideration moved to him. There was no question in any of the cited cases of the attempted transfer of a piece of property belonging to one person by reason of a consideration moving to another. In his representative capacity as father of the complainants the said Amy had only a right to convey the said property for a consideration that should go to his children or to himself as their representative. He had no right to con-

vey the property for a consideration that confessedly moved exclusively to himself personally. We do not question the actual good faith of Amy or Verges, but when Amy obtained judicial authority for the sale of property for purposes of utility and necessity and then transferred it to secure a debt of his own a fraud was committed on the court and against the minor heirs.

The transaction attempted in 1895 might be styled a frustrated novation. Section 1175 of the Civil Code provides:

"Sec. 1175.—When the principal obligation is extinguished by reason of the novation, the accessory obligations shall only remain in force in so far as they benefit third persons who have not given their consent thereto."

Amy could not, in his representative capacity, extinguish the principal obligation, namely, his own debt, by a conveyance of his children's property who obtained no benefit.

The district court held the contract a valid one and that the action for its annulment had prescribed. The contract was inexistent and all the facts constituting its absolute nullity were known to all the parties.

Hence, while this action is entitled as one for nullity and revendication, the rights of the complainants do not depend upon a judicial declaration of the said nullity; but revendication lies in the same way as if the contract of 1895 had not been made and the various averments of prescription contained in the demurrer should be overruled. Extraordinary prescription was not alleged and did not lie, and the acquisitive prescription could not arise because not founded on a just title nor on good faith in the legal sense.

The judgment must be reversed, the demurrer overruled and the case sent back for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.